UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH MIDDLETON ) | |
| ) | Case Number |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | CIVIL COMPLAINT |
| PORTFOLIO RECOVERY ) | |
| ASSOCIATES, LLC ) | |
| ) | JURY TRIAL DEMANDED |
| Defendant. ) | |
| ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Joseph Middleton, by and through his undersigned counsel, Bruce K. Warren, Esq. and Brent F. Vullings, Esq. of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1. Plaintiff, Joseph Middleton (hereinafter "Plaintiff"), an individual consumer, brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.     JURISDICTION

2.     Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.     Venue in this District is proper in that the Defendant transacts business here and maintains an office in this District.

## III.    PARTIES

4.     Plaintiff, Joseph Middleton ("Plaintiff") is an adult natural person residing at 136 Wylie Lane, Tazewell, TN 37879.

5.     At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692 a(2).

6.     Defendant, Portfolio Recovery Associates, LLC ("Defendant"), at all times relevant hereto, is and was a Limited Liability Company engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 120 Corporate Boulevard, Norfolk, VA 23502 and a local address of P.O. Box 1259, Oaks, PA 19456.

7.     Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.   FACTUAL ALLEGATIONS

8. On or about April 1, 2009, Defendant sent Plaintiff a collection notice regarding an alleged consumer credit card debt owned by Fourscore Resource Capital, LLC, who purchased same from Sears.  Appended hereto and marked "**EXHIBIT A**" is a copy of the notice.

9. Upon information and belief, the alleged debt is approximately 17 years old.

10. Plaintiff believes and thus avers that the alleged debt is not his.

11. On or about April 13, 2009, Plaintiff sent Defendant letter disputing the validity of the debt, requesting verification, stating that no telephone contact whatsoever be made by Defendant's office and that all correspondence be done through the mail. Appended hereto and marked "**EXHIBIT B**" is a copy of the letter.

12. On or about April 16, 2009, Defendant sent Plaintiff a notice entitled Verification Information that failed to provide the address of the previous creditor, which is different than that of the Defendant, who is the current creditor.  Appended hereto and marked "**EXHIBIT C**" is a copy of the notice.

13. In or around the end of April 2009, Defendant, by and through its agents began to contact Plaintiff via telephone despite his request to the contrary via letter.

14. Plaintiff spoke with Defendant's agent, Dorothy, and stated that he did not wish to receive any telephone calls from Defendant.

15. Defendant's agent, Dorothy, indicated that the alleged debt was from 1993 or 1994 and that the Plaintiff needed to pay it immediately or she would send the sheriff to his home.

16. In or around the beginning of May 2009, Defendant began to call Plaintiff approximately 4 times per week.

17. On or about May 14, 2009, Plaintiff sent Defendant a second letter stating that the verification sent was insufficient and demanded that they cease any further collection attempts with regard to the alleged debt. Appended hereto and marked "**EXHIBIT D**" is a copy of the letter.

18. Defendant's agents continued to call Plaintiff several times per week until the end of July 2009.

19. Subsequently the calls appeared to taper off.

20. In or around the beginning of January 2010, Defendant's agents once again began to contact Plaintiff via telephone with regard to the alleged debt.

21. In or around the beginning of January 2010, Defendant's agents also began to contact Plaintiff's 80 year old mother, Della, via telephone with regard to the alleged debt.

22. Defendant's agents have continued to call Plaintiff and when he has demanded the calls cease, Defendant's agent, who refused to identify herself, indicated that she would call Plaintiff every day if she wanted to.

23. Defendant's agents have divulged the nature of the alleged debt to Plaintiff's mother and attempted to coerce her to pay same.

24. Plaintiff has received calls from his mother in which she is crying because of Defendant's continued harassment.

25. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of a debt.

26. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it could not legally take or did not intend to take for the purpose of coercing Plaintiff to pay the debt.

27. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

28. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

29. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

30. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT ONE – FDCPA

31. The above paragraphs are hereby incorporated herein by reference.

32. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

33. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

   a. 1692b(1) Defendant's agents contacted a third party for reasons other that to correct or confirm Plaintiff's location;

   b. 1692b(2) Defendant's agents stated to a third party that Plaintiff owed a debt;

   c. 1692b(3) Defendant's agents contacted a third party more than once without her permission to do so;

   d. 1692c(a)(1) Defendant's agents communicated with Plaintiff at a place or time that was known to be inconvenient;

   e. 1692c(b) Defendant's agents communicated with someone other than the Plaintiff regarding the alleged debt;

   f. 1692c(c) Defendant's agents communicated with Plaintiff after receiving written notification that Plaintiff wanted Defendant to cease communication;

   g. 1692d Defendant's agents conducted themselves in a manner which was harassing, oppressive, or abusive to Plaintiff;

  h. 1692d(2) Defendant's agents used language that was abusive to Plaintiff;

  i. 1692d(5) Defendant's agents caused the phone to ring and engaged Plaintiff in conversation repeatedly;

  j. 1692d(6) Defendant's agents placed phone calls without disclosing their identity;

  k. 1692e Defendant's agents made false, deceptive and misleading representations to Plaintiff in the course of attempting to collect the alleged debt;

  l. 1692e(2) Defendant's agents mislead the Plaintiff as to the legal status of the alleged debt;

  m. 1692e(5) Defendant's agents threatened Plaintiff with action that was not intended to be taken;

  n. 1692e(10) Defendant's agents used false representations or deceptive means to attempt to collect the alleged debt from Plaintiff;

.  o. 1692f Defendant's agents used unfair and unconscionable means to attempt to collect the alleged debt from Plaintiff;

  p. 1692g(b) Defendant continued to attempt to collect the alleged debt while failing to provide sufficient verification.

  **WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against Defendant, Portfolio Recovery Associates, LLC and Order the following relief:

  a. Declaratory judgment that the Defendant's conduct violated the FDCPA;

  b.  Actual damages;

  c.  Statutory damages pursuant to 15 U.S.C. §1692k;

  d.  Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

  e.  Such addition and further relief as may be appropriate or that the interests of justice require.

### V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

           **Respectfully submitted,**

           **WARREN & VULLINGS, LLP**

Date: January 20, 2010   BY: **/s/ Bruce K. Warren**
           BY: **/s/ Brent F. Vullings**
           Bruce K. Warren, Esquire
           Brent F. Vullings, Esquire
           Warren & Vullings, LLP
           1603 Rhawn Street
           Philadelphia, PA  19111
           215-745-9800   Fax 215-745-7880
           Attorney for Plaintiff